People v Fenton (2020 NY Slip Op 02428)





People v Fenton


2020 NY Slip Op 02428


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


406 KA 18-00871

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES FENTON, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered February 15, 2018. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on each count to a determinate term of 2½ years of imprisonment and three years of postrelease supervision, and as modified the judgment is affirmed and the matter is remitted to Yates County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends, inter alia, that his sentence is unduly harsh and severe. We agree. The evidence at trial established that defendant and his son sold $50 worth of cocaine to a police informant. At the time, defendant was 56 years old and his criminal record consisted of two misdemeanor convictions, both of which were for violating the Vehicle and Traffic Law. Defendant was not a known drug dealer and was not targeted by the police. Defendant's son, who had arranged the drug sale with the informant, pleaded guilty and was sentenced to probation. Having contested the charges at trial, defendant was sentenced to concurrent determinate terms of imprisonment of 7½ years, to be followed by a period of postrelease supervision. In light of the nonviolent nature of the crimes, defendant's age, and his minimal criminal history, we modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]) by reducing the sentence on each count to a determinate term of imprisonment of 2½ years plus three years of postrelease supervision, with the sentences remaining concurrent.
We have reviewed defendant's remaining contentions and conclude that none requires further modification or reversal of the judgment.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court